Tasara J Coats, Pro Se
1826 Arrowhead Avenue
South Lake Tahoe, CA 96150
tasarac@hotmail.com
530-577-4389

FILED
AUG 29 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TASARA J COATS<br>Plaintiff<br>vs<br>MANDARICH LAW GROUP, LLP; CACH, LLC; RYAN E VOS; JO-ANNA NIEVES; JENNIFER PETERSON AND DOES 1 THROUGH 10 INCLUSIVE<br>Defendants | Case No. 2:13-CV-00246-MCE-EPB<br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br>**UNLAWFUL DEBT COLLECTION PRACTICES, VIOLATIONS OF FDCPA, RFDCPA, AND FCRA** |

**FIRST AMENDED COMPLAINT**

**NATURE OF ACTION**

Plaintiff, TASARA J COATS, individually, hereby sues MANDARICH LAW GROUP, LLP; CACH, LLC; RYAN E VOS; JO-ANNA NIEVES; JENNIFER PETERSON AND DOES 1 THROUGH 10 INCLUSIVE for violations of the Fair Debt Collections Practices Act 15 U.S.C. §1692 (FDCPA), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 (RFDCPA) and the Fair Credit Reporting Act 15 U.S.C. §1681 et sec (FCRA).

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. §1692 *et seq,* the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b), and the Fair Credit Reporting Act 15 U.S.C. §1681 *et sec* (FCRA)..

2. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged nonexistent debt.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 15 , Rosenthal Fair Debt Collection Practices Act (RFDCPA), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in this District is proper in that the Plaintiff resides within California, the Defendants transact business within California, and the conduct complained of occurred within California.

5. This is an action for damages which exceeds $1,000.

## PARTIES

6. Plaintiff, TASARA J COATS, ("Plaintiff") is a natural person and is a resident of the State of California, El Dorado County. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. §1692a(3), AND FCRA 15 U.S.C. §1681a(d)

7. Defendant, MANDARICH LAW GROUP, LLP ("Defendant") is an entity who at all relevant times was engaged in the business of attempting to collect an alleged "debt" from Plaintiff, and is doing business in California, and located at Woodland Hills, California.

8. Defendant MANDARICH LAW GROUP, LLP is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code §1788.2(c).

9. Defendant, CACH, LLC ("Defendant") is a Colorado Limited Liability Company who at all relevant times was engaged in the business of attempting to collect an alleged "debt" from Plaintiff, and is doing business in California.

10. Defendant CACH, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code §1788.2(c).

11. Defendant, RYAN E VOS ("Defendant") is an individual and is a debt collector as that term is defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code §1788.2(c).

12. Defendant, JO-ANNA NIEVES ("Defendant") is an individual and is a debt collector as that term is defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code §1788.2(c).

13. Defendant, JENNIFER PETERSON ("Defendant") is an individual and is a debt collector as that term is defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code §1788.2(c).

14. Plaintiff is unaware of the true names or capacities, whether individual, associate or otherwise of the Defendants sued herein as Does 1 through 10, inclusive, and therefore, sues the Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities once ascertained. Does 1 through 10, inclusive ("Defendants"), at all relevant times were engaged in the business of attempting to collect an alleged "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

**FACTUAL ALLEGATIONS**

15. On or about January 22, 2012 Plaintiff received a letter from Defendants, MANDARICH LAW GROUP, LLP and CACH, LLC, dated January 17, 2012 claiming Plaintiff owed them $4,864.43 for an alleged debt.

16. On or about January 23, 2012 Plaintiff mailed to the Defendants a Dispute and Demand for Validation letter by certified mail DEMANDING Defendant cease and desist from further collection action until they validate the alleged debt, which Defendants received on 9:53 am on January 26, 2012.

17. On February 3, 2012 Plaintiff received a second correspondence continuing an attempt to collect the alleged debt.

18. On February 10, 2012 Plaintiff received a third correspondence from Defendants, signed by RYAN E VOS, continuing an attempt to collect the alleged debt, without complying with the demand for proper validation.

19. On February 23, 2012 Plaintiff received a NOTICE OF INTENT TO SUE from Defendants, signed by RYAN E VOS, continuing an attempt to collect the alleged debt.

20. On March 10, 2012 Plaintiff received another letter stating that the Defendants would continue collection activities.

21. On April 13, 2012 Defendants filed suit against the Plaintiff in Superior Court of California, County of El Dorado to continue collection action with RYAN E VOS as attorney of record.

22. Defendant, JO-ANNA NIEVES, joined the aforementioned lawsuit to continue collection action by writing Pleadings on behalf of CACH, LLC.

23. Defendant, JENNIFER PETERSON, joined the aforementioned collection action by appearing in pre-trial hearings and conferences on behalf of CACH, LLC.

24. In May 2012 Plaintiff obtained her credit reports from all three credit reporting agencies and discovered that min April 2012 Defendant CACH, LLC had placed in accurate and

derogatory information on all three reports, regarding the alleged debt they were attempting to collect.

25. Defendant CACH, LLC acknowledges that the alleged debt was disputed yet were attempting to collect the alleged debt by reporting inaccurate and derogatory information to the credit reporting agencies.

26. Defendant CACH, LLC failed to provide proper validation yet continued to report inaccurate and derogatory information in violation of 15 U.S.C. § 1681s-2(a)(l)(B)(i)(ii)

27. On January 12, 2013 Plaintiff sent a "Notice of Intent to Sue" to Defendants and they did not respond as requested to avoid litigation regarding their violations of law.

28. On January 15, 2013 Defendant JO-ANNA NIEVES responded by email with a settlement offer to reduce the amount due for the alleged debt to $2900 lump sum. Receipt of an attempt to collect with such an offer again, without validating the debt, is a violation of 15 U.S.C. § 1692g(B).

29. All violations contained here, excluding paragraphs # 15, 16 and 17, are within the statute of limitations of the applicable statutes, both state and federal.

30. Defendants failed to properly validate the alleged debt and yet did not cease from their collection activities.

31. Defendants continue attempts to collect an amount not authorized by an agreement creating a debt.

32. Plaintiff has never applied for an "account" with the Defendants.

33. Plaintiff has never had any "account" with the Defendants.

34. At all times material hereto, all Defendants agreed between and amongst themselves and in combination with each other, and various agents known and unknown, as to

each overt act in furtherance of the conspiracy and enterprise, to engage in unlawful actions for a common purpose, to wit: to perpetrate a fraud and to obtain an unlawful judgment against the Plaintiff.

**COUNT I**

**VIOLATIONS OF FDCPA 15 U.S.C. §1692**

35. Plaintiff alleges and incorporates each and every allegation stated above.

36. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692(a)(3).

37. Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692(a)(6) and Cal. Civ. Code §1788.2(c).

38. Defendants willfully violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendants willfully violated FDCPA, 15 U.S.C. §1692(f)(1) by attempting to collect a debt not authorized by an agreement.

(b) Defendants willfully violated FDCPA, 15 U.S.C. §1692(b)(2) by stating that the consumer owes any debt.

(c) Defendants willfully violated FDCPA, 15 U.S.C. §1692(g)(B) by failing to cease collection efforts until debt is validated.

(d) Defendants willfully violated FDCPA, 15 U.S.C. §1692(e)(2) by misrepresenting the character, amount and legal status of the alleged debt.

(e) Defendants willfully violated FDCPA, 15 U.S.C. §1692(e)(10) by falsely representing or using deceptive means to collect a debt.

**WHEREFORE,** Plaintiff prays for relief as follows:

a. Adjudging Defendants violated the FDCPA

b. Awarding Plaintiff statutory damages pursuant to FDCPA ($1,000 per Defendant)

c. Awarding any attorney's fees and costs incurred in this action.

d. Awarding such other and further relief that this Honorable Court deems just and proper.

**COUNT II**

**VIOLATIONS OF RFDCPA, CAL. CIV. CODE §1788 ET SEQ.**

36. Plaintiff alleges and incorporates each and every allegation stated above .

37. Defendants violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C.§1692 et seq.

38. Defendants violated §1692(d) of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

**WHEREFORE**, Plaintiff prays for relief as follows:

a. Adjudging Defendants violated the RFDCPA

b. Awarding Plaintiff statutory damages pursuant to RFDCPA ($1,000 per Defendant)

c. Awarding any attorney's fees and costs incurred in this action.

d. Awarding such other and further relief that this Honorable Court deems just and proper.

**COUNT III**

**VIOLATIONS OF FCRA 15 U.S.C. §1681 ET SEC**

39. Plaintiff alleges and incorporates each and every allegation stated above.

40. Defendant CACH, LLC violated FCRA by continuing to report inaccurate and derogatory information to Equifax, Experian and TransUnion, **for 17 months beginning in April 2012 to the present month,** after it was disputed in January 2012 in violation of 15 U.S.C. § 1681s-2(a)(1)(B)(i)(ii)

**WHEREFORE**, Plaintiff prays for relief as follows:

a. Adjudging Defendant CACH, LLC violated the FCRA

b. Awarding Plaintiff statutory damages of **$1,000 per credit reporting agency per month** that inaccurate and derogatory information was contained in Plaintiff's credit files as a result of Defendant's action pursuant to 15 U.S.C 1681n

c. Awarding any attorney's fees and costs incurred in this action.

d. Awarding such other and further relief that this Honorable Court deems just and proper.

**Should anything in this Amended Complaint be deemed improper or in error Plaintiff respectfully requests leave to amend this Complaint.**

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 28th day of August, 2013

Tasara Coats

Tasara Coats
1826 Arrowhead Ave
South lake Tahoe, CA 96150
tasarac@hotmail.com
530-577-4389

**CERTIFICATE OF SERVICE**

The true and correct copy of the foregoing document was sent to the below named party by first class USPS mail:

Signed August 28, 2013

Tasara Coats

Tasara Coats

Neil M. Sholander
MANDARICH LAW GROUP, LLP
6301 Owensmouth Avenue
Woodland Hills, CA 91367