Tasara J Coats, Pro Se
1826 Arrowhead Avenue
South Lake Tahoe, CA 96150
tasarac@hotmail.com
530-577-4389

FILED
OCT 18 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

TASARA J COATS ) Case No. 2:13-CV-00246
)
   Plaintiff )
)
vs )
) **NOTICE TO THE COURT**
MANDARICH LAW GROUP, LLP; CACH, )
) **PURSUANT TO TITLE 18 U.S.C. § 4**
LLC; RYAN E VOS; JO-ANNA NIEVES; )
)
JENNIFER PETERSON AND DOES 1 )
)
THROUGH 10 INCLUSIVE )
)
   Defendants )
)

**PLAINTIFF'S NOTICE AND MEMORANDUM AS REQUIRED
PURSUANT TO TITLE 18 U.S.C. § 4**

COMES NOW, Tasara J Coats,(Plaintiff), in the above styled action, to respectfully submits the following Notice and Memorandum of Law to this Honorable Court, pursuant to 18 U.S.C. § 4.

1. Plaintiff is a consumer protected by the law under the Fair Credit Reporting Act 15 U.S.C. § 681, et seq.

2. Plaintiff is required under 18 U.S.C. § 4, to report to the nearest Judge as soon as possible upon discovery of the commission of a crime. "Whoever having knowledge of the actual commission of a felony cognizable by the courts of the United States conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $5,000.00 or imprisoned not more than three years, or both."

3. MANDARICH LAW GROUP, LLP, (Defendant) is a Debt Collector and as such is governed under the law by The Fair Credit Reporting Act l5 U.S.C. § 1681,et seq. Plaintiff initiated an action on February 8, 2013 in the U.S. District Court, Eastern District of California, as indicated in the above case number (2:13-CV-00246).

4. Plaintiff obtained her consumer credit reports from TransUnion in July, 2013. Contained within the reports were inquiries of Plaintiff's TransUnion Credit Report by Mandarich Law Group. The acquisition of Plaintiff s private information was unauthorized without legal permissible purpose.

5. Defendant has violated the law by obtaining Plaintiffs information under false pretense [15 U.S.C. § 168lq] which is fineable under Title 18, United States Code, and subjects the violators to fine or imprisonment to not more than 2 years, or both.

6. Additionally, Defendant has violated the law by obtaining Plaintiff's credit report during litigation. The following case law supports the illegality of Defendant's action: *Rice v Montgomery Ward & Co., Inc.* 450 F. supp, 688, 670-72 (M.D. N.C. 1978), (Defendant violates FCRA if it obtains a consumer report on Plaintiff after Plaintiff institutes an action against defendant. Such an inquiry is impermissible.); *Bils v. Nixon,Hargrave, Devans & Doyle*, 880 P.2d 743 (Ariz. App. 1994) (improper to get report to discover information

which might be used in litigation); *Duncan v. Handmaker* 149 F. 3d, 424, 4 26-28 (6th Cir. 1998) (no legitimate business needs to obtain report to prepare for litigation); *Bakker v .Mckinnon*, 152 F. 3d 1007, 1011-12 (8th Cir.1998) (same) *Auriemma v. Montgomery*, 86 F. 2d 273, 219, 280-281 (7th Cir. 1998) (extra-judicial investigation by attorneys improper, no privilege); *Mone v. Dranow*, 945 F. 2d 306, 308 (9th Cir. 1991) (obtaining credit report to investigate for purposes of litigation improper); *Boothe v. TRW Credit Data*, 557 F. Supp. 66, 70-71 (S.D.N.Y. 1982); *Rylewicz v. Beaton Services Ltd.*, 698 F. Supp, 1391, 1400n. l0 Q.J.D. 111 1988), affd. 888 F. 2d. 1175, I181(7th Cir. 1989) *Houghton v. N.J. Manufacturer's Ins. Co.*, 795 F. 2d, 1144, 7149 (3d Cir, 1986) (obtaining report after litigation for use in litigation improper).

7. Defendant continues to violate Plaintiff s civil rights under the Fair Debt Collection Practices Act as outlined in the original Complaint and now has added further damage to Plaintiff by obtaining Plaintiffs credit report with false pretenses and during litigation.

8. Defendant should have known of the violation upon the receipt of the information. There is no way to know how many unauthorized individuals have viewed the documents. This would indicated deliberate action by counsels for the Defendant.

9. The copies of Plaintiffs credit report also indicate two instances of Defendant, Mandarich Law Group, having obtained her credit report without permissible purpose in January 16, 2012 and March 8, 2013 which reveals a continuing violation of Plaintiff's privacy by Defendant prior to the violation at issue in this case, and the statute of limitations in the FCRA (hereafter FCRA) has not expired on the earlier violation.

10. The Fair Credit Reporting Act prohibits any person from using or obtaining a consumer report for other than permissible purposes, 15 U.S.C. §1681b. Any person who willfully or

negligently fails to comply with any requirement of the Act with respect to any consumer is liable to that consumer for actual damages, attorneys fees and costs, 15 U.S.C. § 1681n-o. Permissible uses of the Credit Report are:

    a. Applications for credit, insurance, and rentals for personal, family or household purposes.

    b. Employment which includes hiring, promotion reassignment or retention. A CRA may not release a credit report for employment decisions without consent.

    c. Court orders, including grand jury subpoenas.

    d. "Legitimate" business needs in transactions initiated by the consumer for personal family, or household purposes.

    e. Account review. Periodically, banks and other companies review credit files to determine whether they wish to retain the individual as a customer.

    f. Licensing (professional).

    g. Child support payment determinations.

    h. Law enforcement access: Government agencies with authority to investigate terrorism and counterintelligence have secret access to credit reports.

11. There was no Court Order or Grand Jury subpoena authorizing TransUnion to provide Plaintiff's credit report containing her personal information including her full social security number, to the Defendant listed above, or any other individual(s), nor was there any authorization for Mandarich Law Group to use and disseminate it during litigation in the previously filed action.

12. Willful violations may also result in punitive damages, 15U.S.C. § 168ln. In addition, any person who knowingly obtains a credit report under false pretenses shall be fined, imprisoned up to 2 years or both, 15 U.S.C. § 1681q.

13. Though the FCRA originally imposed civil liability on "any consumer reporting agency or user of information" that fails to comply with any requirement of the Act in 1996, Congress amended the Act's civil liability provisions to cover "any person" who willfully or negligently fails to do so. ***The term "person" is defined broadly to include corporations which, as we have noted, necessarily act through the agents, 15 U.S.C § 1681a(b)***.

14. Pursuant to section § 168lb, in the absence of a court order, see 15 U.S.C. § 1681b(1), or written instructions from the consumers, see 15 U.S.C. § 1681b(2), or any of the grounds set forth in section § 1681b(3XA)-(E), inclusive, a consumer reporting agency may not lawfully provide any user with a consumer credit report. "15 U.S.C.§ l68lb sets forth an exclusive list of permissible purposes for which a consumer credit report may be obtained." *Zamora v. Valley Fed. Sav. & Loan Assoc. Of Grand Junction*, 18 Fl, 2 d 13681, 310 (10th Cir. 1987).

15. Any impermissible pull of a consumer credit report can be held to be willful pursuant to both FCRA § 1681b, and § 1681n. Under that standard articulated by the Supreme Court, that is a knowing, reckless or indifferent disregard to the rights of the Plaintiff. *United States v Illinois Cent. R. Co.*, 303 U,S. 239, 243 (1938), ad *McLaughlin v Richard Shoe Co.*, 418268U, 1 3.S3.( 1987). Users of credit reports know or should know based upon their own agreement with consumer reporting agencies and under FCRA if they have a permissible purpose under FCRA. If they do not and still engage in an impermissible

pull, it shows an indifferent disregard to the rights of privacy of the subject of the credit report. Furthermore, under *Zamora*, 811 F. 2d 1368, 1371 (10th Cir. 1987), it is clear that "actual damages" under FCRA can be comprised of non-pecuniary components including emotional distress.

16. Likewise, Punitive Damages within the range of three times actual damages are within the constitutional limits recently discussed by the U.S. Supreme Court. The FCRA is believed to be the first major federal privacy act. "Congress enacted the FCRA in 1970 to promote efficiency in the Nation's banking system and **to protect consumer privacy** (emphasis added), see 15 U.S.C.§ 1681(a) (199a ed.)", *TRW, Inc., v Andrews*, 534 U.S. 19, 23 (2001). Since that time, particularly in recent years, there has been an explosion of privacy legislation enacted. One large reason for the exploding privacy legislation is the ever increasing availability of private information in electronic form.

**WHEREFORE**, Plaintiff's memorandum is submitted as Notice to the Court as to previously unknown actions of multiple parties including a number of attorneys involved in this action and the intent of the Plaintiff to bring additional litigation against those parties involved.

Respectfully submitted this 11th Day of October 2013

*Tasara J. Coats*
Tasara J Coats
1826 Arrowhead Ave
South lake Tahoe, CA 96150
tasarac@hotmail.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASARA J COATS | ) Case No. 2:13-CV-00246 |
| Plaintiff | ) |
| vs | ) |
| MANDARICH LAW GROUP, LLP; CACH, LLC; RYAN E VOS; JO-ANNA NIEVES; JENNIFER PETERSON AND DOES 1 THROUGH 10 INCLUSIVE | ) |
| Defendants | ) |

**AFFIDAVIT OF TASARA J COATS**
**SUBMITTED IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN**
<u>**REFFERENCE TO THE VIOLATION OF THE LAW**</u>

I, Tasara J Coats, the Plaintiff in the above styled action, DECLARE:

1. I am the Plaintiff in the above-entitled case.

2. This affidavit is made in support of my Notice and Memorandum to the Court.

3. Plaintiff has found that on or about January 2012 and March 8, 2013 Defendant, Mandarich Law Group, LLC obtained Plaintiff's TransUnion consumer credit report without any permissible purpose. Mandarich Law Group has continuously and flagrantly violated the law in regards to the Fair Credit Reporting Act, (FCRA) 15 U.S.C.§ 1681, et seq, and the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 et seq. Mandarich Law Group, and others are now in violation of Title 18 § 4 as well.

4. Mandarich Law Group obtained Plaintiff's consumer credit report during litigation in the above-entitled case on March 8, 2013.

5. Plaintiff discovered in the consumer credit report obtained in July of 2013 that Mandarich Law Group, had previously obtained the TransUnion credit report without any permissible purpose once on January 16, 2012.

7. By obtaining Plaintiff's information AFTER litigation has commenced under false pretense is in violation of 15 U.S.C.§ 1681q which is fineable under Title 18 United States Code, and subject to imprisonment for not more than 2 years, or both, Mandarich Law Group has again broken the law.

8. The foregoing is within my personal knowledge and if called as a witness I, could competently testify thereto.

I declare under penalty of perjury that the foregoing is true and correct.

*Tasara J. Coats*
Tasara J Coats

State of California

County of El Dorado

Subscribed and sworn (or affirmed) before me on this __11th__ day of __October__, 20 __13__, by __Tasara J Coats__, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

WITNESS my hand and official seal.     Signature _____

(Seal)

DUANE M. MARTINEZ
COMM. # 1952505
NOTARY PUBLIC - CALIFORNIA
EL DORADO COUNTY
MY COMM. EXP. OCT. 14, 2015

**CERTIFICATE OF SERVICE**

The true and correct copy of the foregoing document was sent to the below named party by first class USPS certified mail:

Signed October 12, 2013

*Tasara J. Coats*
Tasara Coats

Nicole Strickler
MESSER & STILP
166 West Washington, Suite 300
Chicago, Illinois 60602-2390