Tasara J Coats, Pro Se
1826 Arrowhead Avenue
South Lake Tahoe, CA 96150
tasarac@hotmail.com
530-577-4389



# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASARA J COATS <br><br> Plaintiff <br><br> vs <br><br> MANDARICH LAW GROUP, LLP; CACH, LLC; RYAN E VOS; JO-ANNA NIEVES; JENNIFER PETERSON AND DOES 1 THROUGH 10 INCLUSIVE <br><br> Defendants | Case No. 2:13-CV-00246 <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** <br><br> Date: December 11, 2013 <br> Time: 10:00 a.m. <br> Courtroom: 8, 13th floor <br> Magistrate Judge Edmund F. Brennan |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW the Plaintiff, Tasara J Coats, who hereby submits her Response to Defendants' Motion to Dismiss and states as follows:

### I. Background

This action is brought pursuant to the provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* Defendants, Mandarich Law Group, LLP; CACH, LLC; Ryan E Vos; Jo-Anna Nieves; Jennifer Peterson and Does (hereinafter "Defendants"), filed its Motion to Dismiss premised upon the argument that they properly verified

the alleged debt pursuant to 15 U.S.C. §1692g(b); however, the information provided by Defendant in response to Plaintiff's validation request falls far short of the requirements under the FDCPA. Defendant's interpretation of §1692g(b), as requiring nothing more than a mere restatement of the amount due, effectively guts this entire provision of the FDCPA, and is completely contrary to the underlying purpose of the Act.

"The FDCPA is a landmark piece of consumer credit legislation designed to eliminate abusive, deceptive, and other unfair debt collection practices." See Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 22 (1st Cir. 2002). Congress included in the text of the FDCPA that, "There is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." See 15 U.S.C. §1692(a). "It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." See 15 U.S.C. §1692(e)

Consumer protection statutes, such as the Truth in Lending Act, the Fair Credit Reporting Act, and the FDCPA, are "remedial in nature and therefore must be construed liberally in order to best serve Congress, 531 F.3d 1002, 1005 (9th Cir. 2008); and intent." See Ellis v. GMAC, 160 F.3d 703 (11th Cir. 1998). Thus, given the clear Congressional intent stated above, the FDCPA has been found to be a strict liability statute. See Russell v. Equifax ARS, 74 F.3d 30, 33 (2d Cir. 1996); Reichert v. National Credit Systems, Inc.Bartlett v. Heibl, 128 F.3d 497, 499 (7th Cir. 1997). Only a single violation of the Act need be proven in order to impose liability. See Bartlett,

128 F.3d at 499; see also Turner v. J.V.D.B. & Assoc., Inc., 330 F.3d 991, 995 (7th Cir. 2003). "A consumer need not show intentional conduct by a debt collector to be entitled to damages." See Id. In addition, allegations regarding violations of the FDCPA should be examined from the perspective of the "least sophisticated consumer." See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); see also Goswami v. American Collections Enterprise, Inc., 377 F.3d 488 (5th Cir. 2004). "Although this standard is objective, the standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." See Swanson v. Southern Or. Credit Serv., 869 F.2d 1222, 1227 (9th Cir. 1988). As stated by the Third Circuit:

> The least sophisticated debtor standard requires more than "simply examining whether particular language would deceive or mislead a reasonable debtor" because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor.
>
> This lower standard comports with a basic purpose of the FDCPA: as previously stated, to protect all consumers, the gullible as well as the shrewd, the trusting as well as the suspicious, from abusive debt collection practices.

See Brown v. Card Service, 464 F.3d 450 453-54 (3d Cir. 2006).

## II. STATEMENT OF FACTS

1. It is difficult to comprehend the basis for Defendant's motion, which appears to have been filed in bad faith.

2. The Complaint specifies that Defendants illegally attempted to collect on a nonexistent debt. The factual basis of Plaintiff's allegations against Defendants are clear.

3. Plaintiff affirmatively asserts that the statements in the Complaint are true, and Defendants are inherently in violation of both the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act.

4. It is not necessary in this Response to outline exactly how Defendant's actions violated the law. Their own motion does this quite effectively. Defendants have essentially admitted that the Plaintiff has no contract with nor owes a debt to the Defendants. Unfortunately this fact seemed to escape the attention of Defendant's attorney.

5. The Court should not tolerate an utterly frivolous motion such as this by a party who does not wish to have its illegal activities exposed.

6. Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2D 652 (1972).

7. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. §1692 *et seq,* the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b), and the Fair Credit Reporting Act 15 U.S.C. §1681 *et sec* (FCRA).

8. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged nonexistent debt.

9. Plaintiff clearly stated at ¶ 16, that "Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. §1692a(3)". This is sufficient to infer that the alleged debt is a consumer debt as defined by 15 U.S.C. §1692a(5).

### III. STANDARD OF REVIEW

10. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice

Page 4

of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id*. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. At 570.

11. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe*, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id*. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". *Ashcroft v. Iqbql*, 129 W.Ct. 1937, 1950 (2009).

12. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

### IV. ARGUMENTS AND AUTHORITIES

13. "When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).

If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

### A. The FDCPA Imposes A Strict Liability Standard.

14. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997): see also *Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000): Pittman v. J.J. *Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30, 33-34 (2nd Cir. 1996).

### B. The FDCPA Must Be Liberally Construed In Favor Of Consumer Debtors.

15. The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002).

### C. The FDCPA Broadly Prohibits Unfair Or Unsconsionable Collection Methods, Conduct Which Harasses, Oppresses Or Abuses Any Debtor, And Any False, Deceptive Or Misleading Statements, In Connection With The Collection Of A Debt.

16. The Fair Debt Collection Practices Act. ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debt by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its

provisions, and establishes general standards of debt collector conduct, defines abuse, and provided for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics both generally and in a specific list of disapproved practices.

17. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b). It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

18. Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply it was designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA

broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

19. Defendants claim that the Plaintiff failed to plead a "debt" as defined by §1692(a)(5), however the alleged debt was never proven to be valid and so is not relevant to this lawsuit. Whether the alleged debt is a consumer debt or a business debt is not at issue, rather the illegal behavior of the defendants is the only issue within this lawsuit.

20. Plaintiff, as a least sophisticated consumer, did make a demand of the Defendants to validate the alleged debt they were attempting to collect and Defendants failed to provide validation contrary to the arguments.

21. Defendants cite *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1174 (9th Cir. Or. 2006) and, *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999), in supporting their attempt at validating the alleged debt. Upon close examination of the cases it is evident that at issue in both cases were fees, not the validity or verification of a debt. Defendant's argument here is frivolous.

22. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See *Pacific Concrete F.C.U. v. Kauanoe*, 62 Haw. 334, 614 P. 936 (1980), *GE Capital Hawaii, Inc. v. Yonenaka* 25 P. 3d 807, 96, Hawaii 32, (Hawaii App 2001), *Fooks v. Norwich Housing Authority* 28 Conn. L. Rptr. 371, (Conn. Super. 2000), *Town of Brookfield v. Candlewood Shores Estates, Inc.* 513 A. 2d 1218, 201 Conn. I (1986), and *Solon V. Godbole*, 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987). The Defendants never complied with Plaintiff's demands for validation of the

alleged debt they were attempting to collect, yet continued their collection activities. **A debt collector verifies a debt by providing information that is responsive to the consumer's request.** *See* H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977. At NO time did Defendants begin to attempt to properly validate the alleged debt as demanded by Plaintiff.

23. As previously mentioned, the FDCPA is a strict liability statute and "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages". The argument of sending verification fails in light of the fact that Defendants did NOT provide validation of the alleged debt, as demanded by Plaintiff, nor did the Defendants up until the time this action was filed.

24. The arguments made that Plaintiff has not provided all evidence material to the allegations made in the complaint is ridiculous. Such evidence is to be presented at trial and is not required to be annexed to the Original Complaint. Plaintiff **again states** "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," [emphasis added] in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." [emphasis added] *Id.* At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." [emphasis added] *Id.* At 570.

25. Defendants' argument that they did not violate 15 U.S.C. § 1692(d) or § 1692(f) is erroneous and without merit. Defendants filed suit against the Plaintiff without providing validation after a demand was made by Plaintiff to Defendants and no validation of the alleged debt was provided. The attached contracts are purposely and intentionally false documents

misrepresented as the actual Customer Agreements; the attached false contracts are dated after the date of any credit card issuance, and, therefore, cannot represent the true Customer Agreement.

26. The fact that Defendants made a faulty presumption and violated 15 U.S.C. § 1692 does not excuse them from liability under a bona fide error defense as stated in Jerman v. Carlise, NcNellie, Rini, Dramer & Ulrich, L.P.A. 538 F.3d 469,471 (6th Cir. 2008).

27 The arguments made by the Defendants in regard to the RFDCPA are frivolous. Plaintiff has made detailed allegations with particularity that the Defendants have not complied with the standards of the FDCPA, which is precisely what is required for an action to be brought under RFDCPA.

28. Plaintiff has also shown that Defendants have violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C.§1692 et seq., by their willful failure to state a material fact or the willful concealment, of a material fact in their commencement of a lawsuit against the Plaintiff in state court. The intent of the Defendants actions was that the Plaintiff would rely on their false and coercive statements and just "pay up" rather than exercise her rights as dictated by the FDCPA and not bring suit against the Defendants for their violation of the FDCPA and state law as well.

29. The coercive nature of the actions of, and statements made to the Plaintiff in multiple communications from Defendants and specifically Ryan E Vos, Jo-Anna Nieves and Jennifer Peterson leave little doubt that Plaintiff has been damaged with her having lost an immense amount of sleep and was and is currently being subjected to any manner of emotional trauma including, but not limited to, depression, anger, fatigue, anxiety, and emotional distress.

30. Plaintiff admits Count III under FCRA was improperly plead, however a private right of action does exist under 1681s-2(b). Plaintiff asks the Court to grant leave to amend her Complaint and correct the mistakes due to excusable neglect as a *pro se*.

### V. CONCLUSION

Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies her burden of pleading under the RFDCPA, in addition to the FDCPA at this stage. See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff's claims should therefore survive dismissal.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendants' Motion to Dismiss for Failure to State a Claim. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend her Complaint.

Respectfully submitted this 12th day of November, 2013,

*Tasara Coats*

Tasara Coats
1826 Arrowhead Ave
South lake Tahoe, CA 96150
tasarac@hotmail.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASARA J COATS <br><br> Plaintiff <br><br> vs <br><br> MANDARICH LAW GROUP, LLP; CACH, LLC; RYAN E VOS; JO-ANNA NIEVES; JENNIFER PETERSON AND DOES 1 THROUGH 10 INCLUSIVE <br><br> Defendants | Case No. 2:13-CV-00246 |

## ORDER

AND NOW on this _____ day of _____, 2013, upon consideration of Defendant's Motion to Dismiss, and Plaintiff's Opposition thereto, it is hereby ORDERED and DECREED that Defendant's Motion is DENIED.

_____

J.

# CERTIFICATE OF SERVICE

The true and correct copy of the foregoing document was sent to the below named party by first class USPS mail:

Signed November 12, 2013

*Tasara Coats*

Tasara Coats

Nicole Strickler
MESSER & STILP
166 West Washington, Suite 300
Chicago, Illinois 60602-2390