Nicole M. Strickler (IL State Bar No. 6298459)
strickler@messerstilp.com
MESSER & STILP, LTD.
166 W. WASHINGTON ST.,
SUITE 300
CHICAGO, IL 60602
(312) 334-3442 Telephone
(312) 334-3434 Facsimile

Attorney for Defendants
MANDARICH LAW GROUP, LLP;
CACH, LLC; RYAN E. VOS;
JO-ANNA NIEVES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASARA J COATS | ) CASE NO. 2:13-cv-00246-EFB |
| | ) |
| Plaintiff, | ) |
| | ) **REPLY IN SUPPORT OF MOTION** |
| vs. | ) **TO DISMISS COMPLAINT FOR** |
| | ) **FAILURE TO STATE A CLAIM** |
| MANDARICH LAW GROUP, LLP; | ) |
| CACH, LLC, RYAN E. COS; JO- | ) |
| ANNA NIEVES; JENNIFER | ) Date: December 4, 2013 |
| PETERSON AND DOES 1 | ) Time: 10:00am |
| THROUGH 10 INCLUSIVE | ) Courtroom: 8, 13th Floor |
| | ) |
| Defendants. | ) |
| | ) |

As an initial matter, Defendants find it necessary to clarify that the instant motion was filed on behalf of Mandarich Law Group, LLP, CACH, LLC, Ryan Vos, and Jo-Anna Nieves. Plaintiff erroneously refers to Defendants' motion as also being filed by Defendant Jennifer Peterson. According to the docket, Ms. Peterson has never been served in the instant matter and the undersigned counsel is not representing Ms. Peterson. In fact, the remaining Defendants are unaware of the identity of Ms. Peterson. While Ms. Peterson likely could successfully rely on the arguments advanced by the remaining Defendants, counsel would like to clarify that she does not represent Ms. Peterson with respect to the instant lawsuit and has not filed any document on her behalf.

In reviewing the merits of Plaintiff's response, it is clear that much of her argument is based upon a gross misunderstanding of the applicable law. The first example can be found in Plaintiff's assertion that Defendants have improperly interpreted 15 U.S.C. §1692(g). Defendants interpretation of the §1692(g) is the same as the Ninth Circuit's interpretation in *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1173 (9th Cir. Or. 2006). Strangely, Plaintiff alleges that *Clark* is not on point and that the issue in Clark was not validation but the addition of fees. Plaintiff is mistaken.

In *Clark*, the plaintiffs directly contested the sufficiency of verification received on a debt and urged the Ninth Circuit to adopt a high threshold for

verification. *Id.* The *Clark* court declined Plaintiffs' invitation. It explained that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Id.* at 11-73-74. "Moreover, the FDCPA did not impose upon [debt collectors] any duty to investigate independently the claims presented by [the creditor]. *Id.* In confirming in writing that the amount being demanded is what the creditor is claiming is owed, the *Clark* defendants satisfied their obligations under §1692(g).

Here, Plaintiff does not deny, and in fact admits, receiving the February 3, 2012 validation correspondence from Defendant. *See*, Complaint ¶17; Response P. 2, L. 1-2. She argues, however, that the validation received was not proper. According to Plaintiff, "[v]alidation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account." *See*, Response, ¶22. In support, Plaintiff provides a string cite of case law. That case law, however, does not discuss the §1692(g) or even any section of the FDCPA. Plaintiff's position, that Defendants must provide whatever she asks for in a request for validation, is not the law.

In fact, review of the validation correspondence[1] shows that Defendants more than satisfied §1692(g). The validation sent by Defendant included the name of the current creditor, the current account number, the original creditor, the original account number and the current balance due. *See*, Ex. A to Defendants' Motion. The validation also included a certificate of assignment signed by the current creditor certifying the information provided as correct, a business records affidavit, account information report, bill of sale, and numerous account statements. *Id.* In providing even more than a confirmation in writing that the amount being demanded is what the creditor is claiming is owed, Defendants surpassed the standard set forth by the Ninth Circuit in *Clark*. In short, Plaintiff has no claim under §1692(g) and as such, her claim must be dismissed with prejudice as leave to amend would be futile.

Plaintiff's misconceptions continue with her assertion that the type of debt at issue is irrelevant. *See*, Response, ¶19. She asserts that "the alleged debt was never proven to be valid and so it is not relevant to this lawsuit" even if it is a business debt. Again, Plaintiff is wrong. First, even if the debt had not been properly validated, the debt does not become "nonexistent." The question of proper

---

[1] The court may consider attachments to the complaint and documents referred to in (but not attached to) the complaint, where the authenticity of such document is not in question. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997).

validation aside, the character of the debt is of the utmost importance in a FDCPA action. The FDCPA only applies to consumer debts and not business debts. *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. Or. 1992). To plead an FDCPA claim, a plaintiff must allege facts that establish the plaintiff has been the object of collection activity arising from a consumer debt. *King v. Nat'l Credit Works, Inc.*, 2011 U.S. Dist. LEXIS 96951 (E.D. Cal. Aug. 30, 2011). Likewise, Cal Civ. Code §1788.17 only applies to those debts that arise from "consumer credit transactions", which are those transactions "between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Thus, a business debt is not covered by the protections of Cal Civ. Code §1788.17 either.

Plaintiff provides absolutely no details about the debt at issue to enable the court to determine if the debt is or is not a "consumer debt" or a "consumer credit transaction." Plaintiff argues that she has satisfied her burden by pleading that she is a "consumer" as defined by §1692(a)(3). Relevant to the FDCPA, the term "consumer" means any natural person obligated or allegedly obligated to pay a debt. §1692(a)(3). The term does not indicate the purpose for which the debt was incurred as that is covered by §1692(a)(6). Without any facts concerning the purpose the debt was or was allegedly incurred, Plaintiff has failed to plead a

necessary element of the FDCPA, which only protects "debts" as defined by the Act. §1692(a)(5).

Further, it should be noted that Plaintiff has failed to adequately plead a consumer debt despite the fact that the character of the debt is readily known to her. Here, Plaintiff readily admits receiving the information provided by Defendant in response to her request for validation, which clearly identifies the debt at issue. *See,* Exhibit A to Defendants' Motion. Further, the state court complaint clearly describes the debt. *See,* Exhibit B to Defendants' Motion. Thus, there is absolutely no reason why Plaintiff is prevented from pleading facts relevant to the debt at issue. For this same reason, Plaintiff has failed to plead any actionable misstatement on the debt. Plaintiff pleads an "alleged nonexistent debt". However, she provides no facts that would enable the court to infer that the debt is truly nonexistent.

Lastly, Plaintiff admits she has no private right of action under §1681s-2(a). Accordingly, there is no contest that her claim under that section must be dismissed with prejudice. She asserts, however, that she a cause of action exists under §1681s-2(b). A private right of action is permitted for a violation of § 1681s-2(b) which duties "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Nelson v. Chase Manhattan Mortg. Corp.*,

282 F.3d 1057, 1059 (9th Cir. 2002).  There are no allegations in Plaintiff's complaint concerning any dispute directly to any credit bureau or any receipt of a dispute by CACH, LLC through a credit bureau. To the extent Plaintiff desires to construe her complaint as stating a violation of § 1681s-2(b), she has no ability to do so.

DATED: November 19, 2013         MANDARICH LAW GROUP, LLP
                                 CACH, LLC
                                 RYAN VOS
                                 JO-ANNA NIEVES


                                 By:    /s/ Nicole M. Strickler
                                        Nicole M. Strickler

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of Illinois. I am over the age of eighteen years, and not a party to the within action. My business address is 166 W. Washington St., Suite 300 Chicago, IL 60602. On the date stated below, before the hour of 5:00pm CST, I directed the following document via U.S. Postal service, regular mail, postage pre-paid and addressed to:

Tasara J Coats
1826 Arrowhead Avenue
South Lake Tahoe, CA 96150

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 19, 2013 in Chicago, IL 60602

By: /s/ Nicole M. Strickler