1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TASARA J. COATS,                          No.  2:13-cv-246-EFB PS

12                   Plaintiff,

13        v.                                    ORDER

14   MANDARICH LAW GROUP, LLP;
     CACH, LLC; RYAN E. VOS; JO-ANNA
15   NIEVES; JENNIFER PETERSON AND
     DOES 1 THROUGH 10 INCLUSIVE,
16
                     Defendants.
17

18

19        This action proceeds on plaintiff's first amended complaint.[1]  ECF No. 17.  Defendants

20   Mandarich Law Group, LLP; Cach, LLC; Ryan Vos; and Jo-Anna Nieves ("defendants") move to

21   dismiss the amended complaint for failure to state a claim pursuant to Rule 12(b)(6).[2]  ECF No.

22   18.  Plaintiff opposes the motion, ECF No. 26, and also filed a second amended complaint and a

23   document that she styles as a "Notice To The Court Pursuant To 18 U.S.C. § 4."  ECF Nos. 21,

24   _____

25        [1]  This action was reassigned to the undersigned based on the consent of the parties.  *See*
     ECF No. 11; *see also* E.D. Cal. L. R. 305; 28 U.S.C. § 636(c).

26        [2]  The first amended complaint also names Jennifer Peterson as a defendant.  Jennifer
27   Peterson has not appeared in this matter and there is no indication from the docket that Peterson
     was ever served.  Accordingly, plaintiff will be ordered to show cause why Jennifer Peterson
28   should not be dismissed for failure serve process.  *See* Fed. R. Civ. P. 4(m).

                                              1

22.  Defendants move to strike the amended complaint and notice.  ECF No. 24.  For the following reasons, defendants' motions are granted.

I.      BACKGROUND

Plaintiff's first amended complaint alleges that on January 22, 2012, plaintiff received a letter from defendants Mandarich Law Group, LLP ("Mandarich") and Cach, LLC ("Cach"), claiming that plaintiff owed them $4,864.43.  ECF No. 17 at ¶ 15.  On January 23, 2012, plaintiff sent Mandarich and Cach a letter disputing the debt and requesting that all collection efforts cease until Mandarich and Cach validate the alleged debt.  *Id*. at ¶ 16.

On February 3, 2012, plaintiff received another letter from defendants, again attempting to collect the alleged debt.  *Id*. at ¶ 17.  On February 10, 2012, plaintiff received a third collection letter from defendants, which did not address plaintiff's demand that defendants validate the alleged debt.  *Id*. at ¶ 18.  On February 23, 2012, plaintiff received a Notice of Intent to Sue from defendants.  *Id*. at ¶ 19.  Defendants sent plaintiff one more collection letter before filing an action in state court on April 13, 2012, to collect the alleged debt.  *Id*. at ¶ 21, 21.  Defendants Vos, Nieves and Peterson all represented Cach in the state court action.  *Id*. at ¶¶ 21, 22, 23.

The amended complaint further alleges that plaintiff never applied for an account nor had an account with defendants.  *Id*. at ¶¶ 32, 33.  Nevertheless, defendants reported inaccurate and derogatory information to credit reporting agencies and failed to validate a debt that plaintiff properly disputed.  *Id*. at ¶¶ 24, 25, 30.  The amended complaint alleges that defendants' conduct violated various portions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), and the Fair Credit Reporting Act ("FCRA").

II.     MOTION TO DISMISS

A.      Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

1  . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

2  action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

3  236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

4  'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

5  (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

6  pleads factual content that allows the court to draw the reasonable inference that the defendant is

7  liable for the misconduct alleged."  *Id.*  Dismissal is appropriate based either on the lack of

8  cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

9  theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10       In considering a motion to dismiss, the court must accept as true the allegations of the

11  complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

12  the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in

13  the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

14       The court is mindful of plaintiff's pro se status.  Pro se pleadings are held to a less

15  stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

16  Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and

17  an opportunity to amend the complaint before dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28

18  (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  However, although the

19  court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026,

20  1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim

21  that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of*

22  *Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to

23  accept legal conclusions cast in the form of factual allegations if those conclusions cannot

24  reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752,

25  754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted

26  deductions of fact.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

27  /////

28  /////

3

1       B.      Plaintiff's Claims

2               1. FDCPA

3       Plaintiff alleges that defendants violated various portions of the FDCPA.  Specifically, she

4       claims that defendants violated:  (1) 15 U.S.C. § 1692g(b) by failing to cease collection efforts

5       until the debt was properly verified, (2) 15 U.S.C. § 1692f(1) by attempting to collect a debt not

6       authorized by an agreement, (3) 15 U.S.C. § 1692b(2) by representing that plaintiff owed a debt,

7       (4) 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the debt, (5)

8       15 U.S.C. § 1692e(10) by using false representation to collect a debt; and (6) 15 U.S.C. § 1692d

9       by engaging in harassing, oppressive, and abusive conduct.  ECF No. 17 at 6-7.

10              a. 15 U.S.C. §1692g(b)

11      Plaintiff alleges that defendants failed to cease collection efforts upon plaintiff disputing

12      the alleged debt in violation of section 1692g(b).  ECF No. 17 at 4-6.  Section 1692g requires a

13      debt collector to provide a consumer debtor with certain information.  This includes a statement

14      that if the debtor disputes the debt in writing within 30-days, the debt collector will obtain

15      verification of the debt.  15 U.S.C. § 1692g(a)(4).  If the consumer properly disputes the debt, all

16      collection activity shall cease until the debt collector obtains verification of the debt.  15 U.S.C.

17      § 1692g(b).  "[V]erification of a debt involves nothing more than the debt collector confirming in

18      writing that the amount being demanded is what the creditor is claiming is owed."  *Clark v.*

19      *Capital Credit & Collection Servs.*, 460 F.3d 1162, 1173-74 (9th Cir. 2006).

20      Defendants contend that plaintiff's FDCPA claim fails because the February 3, 2012,

21      correspondence plaintiff received from defendants contained the required verification.  Defs.'

22      P&A ISO Mot. to Dism., ECF No. 18-1 at 7-8.  Defendants submitted a copy of the February 3,

23      2012 letter with their motion to dismiss and request that the court take judicial notice of the

24      document.  Ex. A to Defs.' Mot. Dism., ECF No. 18-3.

25      /////

26      /////

27      /////

28      /////

4

1    As a general rule, a court in ruling on a Rule 12(b)(6) motion "'may not consider any

2    material beyond the pleadings.'"  *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997) (quoting

3    *Branch v. Tennell*, 14 F.3d 449, 453 (9th Cir. 1994)).  However,

> a document is not "outside" the complaint if the complaint
> specifically refers to the document and if its authenticity is not
> questioned . . . . [W]hen [the] plaintiff fails to introduce a pertinent
> document as part of his pleading, [the] defendant may introduce the
> exhibit as part of his motion attacking the pleading . . . .
> [D]ocuments whose contents are alleged in a complaint and whose
> authenticity no party questions, but which are not physically
> attached to the pleading, may be considered in ruling on a Rule
> 12(b)(6) motion to dismiss.

9    *Id*. at 622-623 (quoting *Brach*, 14 F.3d at 453-54).

10    The first amended complaint alleges that on January 23, 2012, plaintiff mailed to

11    defendants a letter disputing the debt and demanding that "Defendant[s] cease and desist from

12    further collection action until they validate the alleged debt . . . ."  ECF No. 17 at ¶ 16.  It further

13    alleges that on February 3, 2012, plaintiff received a letter from defendants in which defendants

14    continued their attempt to collect the alleged debt.  *Id*. at ¶ 17.  Thus, the complaint specifically

15    refers to the February 3, 2012 letter which defendants request the court to judicially notice.  In her

16    opposition, plaintiff contends that the information provided in the February 3, 2013 letter was

17    insufficient to comply with the FDCPA.  ECF No. 26 at 2.  She does not, however, dispute the

18    authenticity of the letter submitted by defendants.

19    Accordingly, the request for judicial notice is granted and the court considers the letter.

20    *See* ECF No. 18-3.  The February 3, 2012 letter acknowledges that plaintiff disputes the debt and

21    states that the required verification information is enclosed with the letter.  *Id*. at 1.  The

22    documents included with the letter identify the original creditor as Bank of America, N.A., and

23    the current owner of the debt as defendant Cach.  *Id*. at 2.  It also identifies the original and

24    current account numbers and provides the account balance on the placement date ($4,857.71).  *Id*.

25    Also included with the letter is a Bill of Sale and Assignment of Loan, reflecting that the loan was

26    purchased by Cach.  Also appended to the letter are credit card statements from the original

27    creditor, reflect the amount plaintiff allegedly owes.  Furthermore, defendants included a

28    /////

1    certificate of assignment signed by an authorized agent for Cach which certified that the

2    information provided was accurate.

3            Contrary to plaintiff's contention, this response was more than adequate to satisfy the

4    verification requirements. *See Rodriguez v. Discovery Bank*, No. 11cv2155 BTM(NLS), 2012

5    WL 1520073, * 3 (S.D. Cal. April 30, 2012) (finding that providing a copy of the cardmember

6    agreement and copies of monthly statements were sufficient to satisfy the verification

7    requirement). Since defendants provided the requisite verification in their initial response to

8    plaintiff's letter disputing the debt, they were permitted to continue their collection efforts. *See*

9    15 U.S.C. § 1692g(b) (requiring all collection activity to cease until the debt collector obtains

10   verification of the debt). Accordingly, plaintiff is unable to state a violation of section 1692g(b).

11   Since is it clear that defendants provided the requested verification, and therefore plaintiff will not

12   be able to allege a violation of 1692g(b), this claim is dismissed without leave to amend.

13                                b.  15 U.S.C. § 1692f(1)

14           Plaintiff alleges that defendants violated 15 U.S.C. § 1692f(1) by attempting to collect a

15   debt not authorized by an agreement. ECF No. 17 at ¶ 38(a). Section 1692f provides that "[a]

16   debt collector may not use unfair or unconscionable means to collect or attempt to collect any

17   debt." 15 U.S.C. § 1692f. This includes attempting to collect any amount "unless such amount is

18   expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C.

19   § 1692f(1).

20           The complaint contains no allegations concerning an agreement that created the alleged

21   debt. Plaintiff simply alleges that she did not "apply for" nor "had any" account with defendants.

22   However, she does not provide any factual allegations contesting the validity of the debt

23   defendants were attempting to collect, which appears to have been incurred from Bank of

24   America. As plaintiff has simply provided her legal conclusion that defendants violated an

25   agreement created by the alleged debt, without supporting factual allegations that would establish

26   such a violation, this claim must be dismissed. Plaintiff, however, will be granted leave to amend

27   this claim if she can allege facts to support this claim. *Lopez v. Smith*, 203 F.3d 1122, 1126–27

28   /////

                                         6

1  (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to

2  correct any deficiency in their complaints).

3  <center>c. <u>15 U.S.C. § 1692b(2)</u></center>

4  Plaintiff also claims that defendants violated section 1692b(2) of the FDCPA by stating

5  that plaintiff owed a debt.  ECF No. 17 at 6.  Section 1692b(2) prohibits a debt collector from

6  communicating to third-parties that the consumer owes a debt when attempting to acquire

7  location information about the consumer.  15 U.S.C. § 1692b(2).  The complaint does not contain

8  any allegations regarding communication made to others in an attempt to acquire plaintiff's

9  location information.  Accordingly, this claim is dismissed with leave to amend.

10  <center>d. <u>15 U.S.C. §§ 1692e</u></center>

11  Plaintiff also claims that defendants violated 15 U.S.C. §§ 1692e(2) and (10).  Section

12  1692e prohibits a debt collector from using false, deceptive, or misleading representations in

13  connection with its debt collection efforts.  15 U.S.C. 1692e.  This section prohibits, among other

14  things, a debt collector from falsely representing the character, amount, or legal status of a debt

15  and the use of any false representations or deceptive means to collect a debt.  15 U.S.C.

16  §§ 1692e(2), (10).  While plaintiff contends that defendant violated section 1692e "by

17  misrepresenting the character, amount and legal status of the alleged debt" and "by falsely

18  representing or using deceptive means to collect a debt", the complaint does not identify any

19  deceptive means employed by defendants in their collection efforts.  Therefore, this claim is also

20  dismissed with leave to amend.

21  <center>e. <u>15 U.S.C. § 1692d</u></center>

22  The complaint also attempts to state a claim for violation of section 1692d of the FDCPA.

23  That section prohibits a debt collector from engaging "in any conduct the natural consequence of

24  which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15

25  U.S.C. § 1692d.  This may include using threats, profane language, advertisements to sell the debt

26  to coerce payment, and repeatedly placing phone calls with intent to harass or annoy.  *See id.*  The

27  complaint does not identify what conduct plaintiff believes defendants engaged in that was

28  /////

<center>7</center>

1   harassing in nature.  As plaintiff simply relies on his legal conclusion, this claim is also dismissed

2   with leave to amend.

3         2.  <u>California's Rosenthal Act</u>

4         The complaint further alleges that defendants' failure to comply with the FDCPA resulted

5   in violations of California's Rosenthal Act, the state's version of the federal FDCPA.  The

6   Rosenthal Act incorporates by references the requirements of the FDCPA and makes available its

7   remedies for violations.  Cal. Civ. Code § 1788.17; *see Riggs v. Prober & Raphael*, 681 F.3d

8   1097, 1100 (9th Cir. 2012).  As explained above, plaintiff has failed to state a claim for violation

9   of the FDCPA.  Accordingly, she has also failed to state a claim under the Rosenthal Act.

10        3.  <u>FCRA</u>

11        The amended complaint also contains a cause of action for violation of section 1681s-

12  2(a)(1)(B)(i)(ii) of the FCRA.  ECF No. 17 at 7-8.  However, in her opposition to defendants'

13  motion to dismiss, plaintiff concedes that she is unable to state a claim for relief against

14  defendants under this section.  ECF No. 26 at 11; *see Nelson v. Chase Manhattan Mortgage*

15  *Corp*. 282 F.3d 1057, 1059 (9th Cir. 2002) (there is no private right of action to enforce duties

16  imposed in section 1681s-2(a)).  Accordingly, plaintiff's FCRA claim based on an alleged

17  violation of section 1681s-2(a) is dismissed without leave to amend.  Plaintiff, however, will be

18  given leave to amend to the extent she can state a claim under any provision of the FCRA that

19  provides a private right of action.

20  III.  <u>MOTION TO STRIKE</u>

21        On October 18, 2013, plaintiff filed a second amended complaint and a "notice" pursuant

22  to 18 U.S.C. § 4.  ECF Nos. 21, 22.  Defendants have moved to strike these pleadings.  ECF No.

23  24.

24        In the notice purportedly brought filed pursuant to 18 U.S.C. § 4, plaintiff alleges that

25  defendants violated 15 U.S.C. § 1681q by acquiring her consumer reports under false pretenses.

26  *Id*. at 2.  Whatever plaintiff is attempting to assert in this civil action by her reference to 18

27  /////

28  /////

U.S.C. § 4,[3] that section does not provide for a private civil cause of action.   Plaintiff alleges, in conclusory fashion, that defendants violated 15 U.S.C. § 1681q[4] by obtaining plaintiff's consumer credit report under false pretenses, but does not provide a factual basis for the alleged false pretenses.  ECF No. 22 at 2.  As with section 4 of Title 18, the criminal provision provided in 15 U.S.C. § 1681q does not provide for a private civil cause of action.

In addition to the "notice," plaintiff also filed a second amended complaint, which is similar to plaintiff's first amended complaint, but omits the FCRA claim alleged in her earlier complaint.  Both documents filed by plaintiff attempt to amend her first amended complaint. Because plaintiff has already amended her complaint once as a matter of course, *see* ECF No. 17, plaintiff may not further amend without either the defendants' written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  Defendants have not consented to plaintiff amending her complaint, *see* ECF No. 24 at 3, nor has she filed a motion under Rule 15(a) seeking leave to amend.  Accordingly, defendants' motion to strike is granted.

Nevertheless, as stated above, plaintiff is granted leave to amend to attempt to cure the other deficiencies in her first amended complaint identified above.[5]  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.  Any amended complaint must cure the deficiencies identified in this order.  Furthermore, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint.  L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

---

[3] Section 4 ("Misprision of felony") provides that "[w]hoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge . . . , shall be fined under this title or imprisoned not more than three years, or both.

[4] 15 U.S.C. § 1681q provides that "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both."

[5] As explained above, plaintiff cannot cure her claim brought under 15 U.S.C. § 1692g(b), and therefore that claim is dismissed without leave to amend.

1  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

2  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

3  1967)).

4  IV.    ORDER TO SHOW CAUSE REGARDING SERVICE ON JENNIFER PETERSON

5         Defendant Jennifer Peterson has not moved to dismiss plaintiff's complaint or otherwise

6  appeared in this action.  However, it does not appear from the docket that Peterson has been

7  timely and properly served.  Therefore, plaintiff is ordered to show cause why Peterson should

8  not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m)

9  and/or for failure to comply with the Federal Rules of Civil Procedure and this court's previous

10 orders.  *See* ECF No. 2; Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(l)(1) (requiring that proof

11 of service be made to the court); E.D. Cal. L.R. 210(b) (same); E.D. Cal. L.R. 110 ("Failure of

12 counsel or of a party to comply with these Rules or with any order of the Court may be grounds

13 for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

14 inherent power of the Court."); E.D. Cal. L.R. 183 ("Any individual representing himself or

15 herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by

16 these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a

17 district court's local rules is a proper ground for dismissal.").  Failure to timely comply with this

18 order may result in sanctions, including dismissal of defendant Peterson and/or dismissal for lack

19 of prosecution, for failure to follow this court's orders and Local Rules, and/or for failure to effect

20 service of process within the time prescribed by Rule 4(m).

21 V.     CONCLUSION

22        Accordingly, it is hereby ORDERED that:

23        1.  Moving defendants' motion to dismiss, ECF No. 18, is granted.

24        2.  Plaintiff's claim brought under 15 U.S.C. § 1692g(b) against moving defendants is

25 dismissed without leave to amend.

26        3.  Plaintiff's remaining claims against moving defendants are dismissed with leave to

27 amend.

28 /////

4. Plaintiff may file a second amended petition within 30 days of the date of this order.

5. Defendants' motion to strike, ECF No. 24, is granted.

6. Docket numbers 21 and 22 are stricken and the Clerk shall make a notation on the docket to that effect.

7. Plaintiff shall show cause, in writing, within fourteen days from the date of this order, why defendant Jennifer Peterson should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m) and/or for failure to comply with the Federal Rules of Civil Procedure and this court's previous orders.

8. Failure of plaintiff to comply with this order may result in dismissal of defendant Peterson and/or this action being dismissed for failure to follow court orders, for failure to effect service of process within the time prescribed by Rule 4(m), and/or for lack of prosecution under Rule 41(b).

DATED:  February 11, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11